IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF  DIVISION

MACK NELSON                                                                                    PLAINTIFF

Case Number: **5:05CV00249GH**

WASTE MANAGEMENT OF ARKANSAS
SOUTH, ET AL.                                      .                                    DEFENDANTS

## ORDER

Plaintiff filed this action alleging that defendants discriminated against him on the basis of disability and race when he was discharged.  Defendant Waste Management of Arkansas, Inc. ("WMA") has filed a motion to dismiss, raising a number of issues including: (1) defendant WMA is incorrectly named in the complaint; (2) plaintiff failed to properly serve WMA with the summons and complaint; (3) plaintiff's claims should be dismissed because plaintiff's charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") was untimely; (4) plaintiff's other claims should be dismissed as being outside the scope of the EEOC charge which alleged only discharge;  and (5) the complaint fails to state a claim upon which relief can be granted.

Plaintiff filed an amended complaint which corrected the name of defendant to Waste Management of Arkansas, Inc., thereby rendering moot WMA's first argument.  The amended complaint, in all other respects, is identical to the original complaint which was filed on August 31, 2005.

WMA states that plaintiff failed to properly serve the designated agent for service of process.  Plaintiff mailed the summons and complaint to George Whale, whom plaintiff contends is the managing agent for the facility located at Pine Bluff, Arkansas.

-1-

Service of the summons and complaint by mail is governed by Arkansas law. *See* Fed. R. Civ. P. 4(e)(1) (service by mail in accordance with law of state in which district court is located).  Pursuant to Ark. R. Civ. P. 4(d)(8)(A)(I), service by mail must be with a return receipt requested and delivery restricted to the addressee or the agent of the addressee. The agent "must be authorized in accordance with U.S. Postal regulations."

Here, delivery of the summons and complaint was not "restricted."   Whale is not the designated agent for WMA.   WMA's registered agent for service of process is The Corporation Company.

Although service was not in compliance with Ark. R. Civ. P. 4(d), dismissal of the amended complaint is not mandated.   The Court has discretion to dismiss the action or retain the case but quash the service that has been made on the defendant. *Haley v. Simmons*, 529 F.2d 78, 79 (8th Cir.1976). The 120 days for obtaining service provided by Fed. R. Civ. P. 4(m) has not passed and WMA will not be prejudiced by providing plaintiff some additional time to obtain proper service.  Thus, service on WMA will be quashed.  Plaintiff must effect proper service within 20 days of the entry of this Order.  Failure to do so will result in dismissal of this action.

WMA also alleges that the complaint should be dismissed because plaintiff's EEOC charge was untimely.  A charge of discrimination must be filed within 180 days of the alleged unlawful employment practice.  42 U.S.C. § 2000e-5(e)(1). Plaintiff alleges that he was fired by WMA on November 9, 2004.[1] The EEOC charge was signed on June 6, 2005, more than 180 days after the discharge.

Plaintiff contends that he filed his EEOC charge on April 27, 2005, within

---

[1] WMA refutes this and argues that plaintiff has taken an inconsistent position, asserting in his EEOC Charge that he was terminated on or about November 6, 2004.  WMA's disciplinary form indicates that plaintiff was terminated on November 1, 2004.   Plaintiff further alleges in his EEOC charge that he was discharged on November 6th.   For the purposes of this motion, the Court will assume that plaintiff was terminated on November 9, 2004.

-2-

the 180 days of discharge, and that he signed the formal charge of discrimination on June 6, 2005.[2] In support of his position, he has attached correspondence from the EEOC dated April 28, 2005, referring to allegations of discrimination against WMA submitted on April 27.  Because plaintiff had alleged in earlier correspondence that the last date of discrimination was September 11, 2004, the EEOC notified plaintiff that the issues of which plaintiff' complained were non-jurisdictional due to untimeliness.  That is, the information submitted on April 27, 2005, was untimely.  The EEOC advised plaintiff that he could still file a charge against WMA but it would be dismissed because it would be untimely and a Notice of Right to Sue would be issued.

Plaintiff's counsel then wrote a letter on May 4, 2005, to the EEOC stating that the September 11th date was in error; that the date of the last discriminatory action was November 9, 2004.  The letter refers to plaintiff's EEOC charge of April 18, 2005.   The intake questionnaire which was attached to the May 4th letter is signed by plaintiff but not dated.  Plaintiff received a notice from the EEOC that his interview was scheduled for June 6, 2005.

The filing of a timely charge with the EEOC is not a jurisdictional prerequisite, but is a condition precedent, and like a statute of limitations which is subject to equitable tolling.  *Lawrence v. Cooper Communities, Inc.*, 132 F. 3d 447, 451 (8th Cir. 1998).   The Eighth Circuit has held that held that an intake questionnaire neither signed under oath nor verified does not constitute a valid charge under Title VII.  *See Shempert v. Harwick Chem. Corp.*, 151 F. 3d 793, 796 (8th Cir. 1998).

---

[2]There is some confusion as to what date plaintiff claims as the date he filed a "charge of discrimination."  Something was sent to the EEOC on April 18, 2005; his counsel refers to the April 18, 2005, charge of discrimination in his May 4, 2005 letter to the EEOC.  The Court need not resolve the issue of what date to use purposes of finding that plaintiff filed a timely charge, because under any of the dates above, the charge alleging the last discriminatory act as November 9, 2004, would be timely.  *See discussion infra.*

There is some question as to the viability of the Eighth Circuit's position in light of *Edelman v. Lynchburg College*, 535 U.S. 106 (2002) *See Sifferman v. Bd. of Regents, Southeast Missouri State Univ.*, 250 F. Supp. 2d 1139, 1143 (E. D. Mo.2003). In *Edelman*, the plaintiff argued that his letter to the EEOC was a timely filed charge and that under an EEOC regulation, the verification on the charge related back to the letter. The Supreme Court, while upholding the EEOC regulation as a valid interpretation the statute governing the filing of charges under Title VII (42 U.S.C. § 2000e-5) did not address whether the letter constituted a valid charge. 535 U.S. at 188-119.

The plaintiff in *Edelman* had written a five-page, single-spaced letter on November 14, 1997 setting forth his allegations of discrimination, and stating that he was filing a charge of discrimination against Lynchburg College. The letter was signed but not verified. The EEOC subsequently conducted an interview on March 3, 1998, the charge form was sent to the plaintiff on March 1998, for his signature, and was received by the EEOC from plaintiff on April 15, 1998, which was 313 days after the June 6, 1997 date of alleged discrimination by the College.[3] On remand to the Fourth Circuit Court of Appeals, the court held that the November 14th letter was a valid charge to which the EEOC charge form could relate back. *Edelman v. Lynchburg College*, 300 F. 3d 400, 405 (8th Cir. 2002).

This case is similar to that of *Edelman*. Here, plaintiff submitted a signed intake questionnaire which fulfilled the regulatory requirements of a charge. 29 C. F. R. § 1601.12.[4] His counsel alerted the EEOC telephonically on May 3, 2005,

---

[3] Since Virginia has a state agency with authority to grant or seek relief, the plaintiff had 300 days to file with the EEOC. 42 U.S.C. § 2000e-5(e)(1); *Edelman*, 535 U.S. at 109 n. 1; *Tinsley v. First Union Nat'l Bank*, 155 F. 3d 435, 440-442 (4th Cir. 1998).

[4] 1601.12 Contents of charge; amendment of charge.

(a) Each charge should contain the following:
(1) The full name, address and telephone number of the person making the charge

that the September 11th date which was used in the information form submitted on April 18, 2005, was in error. Plaintiff submitted a revised intake questionnaire prior to the expiration of the 180 days of the alleged last discriminatory action.

Furthermore, EEOC's failure to arrange for an interview until after the expiration of the 180 days does not preclude plaintiff's Title VII claim. *See Edelman,* 400 F. 3d at 404. ("Once a valid charge has been filed, a simple failure by the EEOC to fulfill its statutory duties regarding the charge does not preclude a plaintiff's Title VII claim.") *See also Lawrence,* 132 F. 3d 452 (EEOC failure to complete formal charge form and obtain plaintiff's verification until after 180-day period was circumstance beyond plaintiff's control and constituted excusable neglect)

In sum, the Court finds that plaintiff's complaint should not be dismissed because his charge of discrimination was untimely.

Defendant further contends that any allegations outside of plaintiff's claim that he was discharged on the bases of race and disability are precluded as being

---

except as provided in § 1601.7;
(2) The full name and address of the person against whom the charge is made, if known (hereinafter referred to as the respondent);
(3) A clear and concise statement of the facts, including pertinent dates, constituting the alleged unlawful employment practices: See § 1601.15(b);
(4) If known, the approximate number of employees of the respondent employer or the approximate number of members of the respondent labor organization, as the case may be; and
(5) A statement disclosing whether proceedings involving the alleged unlawful employment practice have been commenced before a State or local agency charged with the enforcement of fair employment practice laws and, if so, the date of such commencement and the name of the agency.
(b) Notwithstanding the provisions of paragraph (a) of this section, a charge is sufficient when the Commission receives from the person making the charge a written statement sufficiently precise to identify the parties, and to describe generally the action or practices complained of. A charge may be amended to cure technical defects or omissions, including failure to verify the charge, or to clarify and amplify allegations made therein. Such amendments and amendments alleging additional acts which constitute unlawful employment practices related to or growing out of the subject matter of the original charge will relate back to the date the charge was first received. A charge that has been so amended shall not be required to be redeferred..

outside plaintiff's EEOC charge.

Plaintiff alleges in his amended complaint that WMA discriminated against him on the bases of his race and his disability in disciplining and discharging him. He also makes reference to retaliation, and discrimination with regard to promotion, failure to train, discriminatory discipline and a racially hostile environment. Plaintiff's EEOC charge alleged discrimination on the basis of race and disability. It states: "On or about November 6,2004, I was discharged from my Truck Driving Position. I had been employed since January 1985. Management said I was discharged for sleeping on the job and that I was a safety hazard. I believe that I was discharged because of my disability . . . and because of my race, black, . . . "

"A title VII lawsuit does not have to mirror the administrative charge. However, the sweep of any subsequent judicial complaint may be only as broad as the scope of the EEOC investigation which could reasonably be expected to grow out of the charge of discrimination. Allegations outside the scope of the EEOC charge ⋯ circumscribe the EEOC's investigatory and conciliatory role, and for that reason are not allowed." *Duncan v. Delta Consol. Industries, Inc,.* 371 F.3d 1020, 1025 (7thg Cir. 2004)(citations and internal quotations omitted).

Although plaintiff alleged in his intake questionnaire retaliation, as well as racially discriminatory practices, he does not indicate so on his EEOC charge form. When confronted with a similar situation in *Edelman,* the Fourth Circuit found that the formal charge, which contained only the allegation of sex discrimination, did not relate back to the religion and ethnicity claims set forth in the unverified letter. 300 F. 3d at 405-06. ("We therefore hold that Edelman's verification via the Form 5 charge did not relate back to the claims not asserted in the Form 5.") *See also Bland v. Kansas City, Kansas Community College*, 271 F. Supp. 2d 1280, 1285 (D. Kan. 2003) (allegations of disability discrimination in

unverified intake questionnaire did not satisfy exhaustion requirement on disability claim where formal EEOC charge only alleged age discrimination).

The Court is persuaded that plaintiff's allegations are limited to those set forth in the formal EEOC charge. *See Wallin v. Minnesota Dept. of Corrections*, 153 F. 3d 681, 699 (8th Cir. 1998) (plaintiff's claim that he was discharged in retaliation for making internal discrimination complaints not reasonably related to underlying discrimination claim).  The general claims relating to racially discriminatory practices do not grow out of the discriminatory discharge claim.[5]

WMA also contends that the complaint should be dismissed for failure to state a claim upon which relief can be granted.  The Court agrees that plaintiff's claims under 42 U.S.C. § 1983 and the Fourteenth Amendment should be dismissed as defendants are not state actors and the actions of defendants are not state or federal actions.  The Court, however, is not persuaded that the amended complaint fails to provide WMA with sufficient notice.  The gravamen of plaintiff's complaint is that WMA discriminated against him on the bases of race and disability in discharging him.   The Court has already determined that the other assertions outside the scope of the EEOC charge should be dismissed.

Accordingly, the amended motion to dismiss (document no. 12) is granted in part and denied in part.  The original motion to dismiss (document no. 3) is denied as moot.  The motion to amend/correct complaint (document no. 8) is granted.  The motion for additional time to answer the motion to dismiss (document no. 7) is denied as moot.

IT IS SO ORDERED this 2nd day of December, 2005.

---

[5]The Court is not persuaded, however, that plaintiff should be barred from presenting evidence of a racially hostile environment or racially discriminatory practices to the extent such evidence supports his claim of discriminatory discharge.

_____
UNITED STATES DISTRICT JUDGE